IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| ALFREDO F. RASCO, ) | CASE NO. CR408-100 |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is the Government's Response to the Court's June 29, 2009 Order directing the Government to submit additional proof in support of its Motion to Disqualify Attorney Wade. (Doc. 112.) The Government responds that they have no specific proof that Ms. Wade possesses currently confidential information about this case. (Id.) For the reasons that follow, the decision of the Magistrate Judge (Doc. 92) is **REJECTED**, and Ms. Wade is **REINSTATED** as Counsel for Defendant Alfredo F. Rasco.

### BACKGROUND

The Government first raised the conflict of interest issue in a "Motion for Inquiry Regarding Possible Conflict of Interest."[1] (Doc. 109 at 2.) Therein, the Government requested this Court hold a hearing to determine if Ms. Wade should be disqualified from representation of

---

[1] For a full history of this issue, see Doc. 109 at 1-6.

Defendant Alfredo Rasco. (Id.) However, the Motion was vague and provided little by way of factual or legal contentions in support of the requested disqualification. (See Doc. 78.) The Magistrate Judge then held a hearing, at which the vagueness of the Motion was replaced with specific factual and legal proffers by the Government as to Ms. Wade's conflict.² (Doc. 109 at 1-2.) As Ms. Wade heard the Government's allegations for the first time at the hearing, the Magistrate Judge continued the hearing to give Ms. Wade a chance to digest and respond to the new proffer. (Id. at 2.) Later, the Magistrate Judge reconvened the hearing; construed the Motion as a motion to disqualify; and granted the Motion, finding that Ms. Wade had gained confidential information about this case through her prior employment at the United States Attorney's Office. (See id. at 2-5.)

Defendant objected to the Magistrate Judge's Order disqualifying Ms. Wade under Georgia Rule of Professional Conduct 1.11(b).³ (Id. at 1.) On review, this Court found

---

² No reason has been provided to this Court as to why these allegations and theories were not included in the original Motion despite the fact that the factual and legal bases were plainly available when the Motion was filed.
³ Rule 1.11(b) provides that "a lawyer having . . . confidential government information . . . acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person

2

that the Magistrate Judge erred by failing to consider whether the information remained confidential at the time the rule was applied, as required by Rule 1.11(e). (Id. at 12.) Applying this additional requirement, the Court found no evidence that Ms. Wade either actually possessed or likely possessed confidential information necessitating a disqualification in this case. (Id. at 12-13.) Accordingly, the Court found the Government had not made the required showing to disqualify Ms. Wade. (Id.) However, out of concern that the forum of a public hearing prevented the Government from pointing to any specific confidential information Ms. Wade possessed, the Court offered the Government a chance to submit further proof for in camera review. (Id. at 14.) The Government has informed the Court that it has no specific proof that Ms. Wade possesses currently confidential information. (Doc. 112.)

---

in a matter in which the information could be used to the material disadvantage of that person." Ga. Rules of Prof'l Conduct 1.11(b). Confidential information is information that is "obtained under governmental authority and which, at the time the rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose, and which is not otherwise available to the public." Id. 1.11(e) (emphasis added).

3

**ANALYSIS**

The decision to disqualify Ms. Wade as counsel for Defendant is a non-dispositive pretrial matter. When a party objects to a magistrate judge's determination of a non-dispositive pretrial matter, this Court considers the objection and sets aside any portion of the magistrate judge's order that is clearly erroneous or contrary to law. S.D. Ga. Local Rule 72.2.

In the Government's Response, the Government informed the Court that it has no additional evidence beyond that placed before the Magistrate Judge. (Doc. 112.) The Government also contends that the Motion was properly filed as a motion for inquiry. (Doc. 112 at 1 n.1.) The Court considers the proper construction of the Motion before it engages in its final analysis of the Magistrate Judge's Order and Defendant's Objections.

I. Proper Construction of the Motion

The Government has contended that the Motion in this case was properly filed as a motion for inquiry and not a motion for disqualification.[4] (Doc. 112 at 1 n.1.) The import of this debate is not semantics but whether the Government bears the burden of proving a conflict of

---

[4] The Court readily accepts the Government's statement that it had no ulterior motives in filing this Motion as a motion for inquiry and not a motion for disqualification.

4

interest with respect to Ms. Wade. In this case, there can be no question that the burden of proving a conflict rests with the Government.

The general rule in both the Eleventh Circuit and the State of Georgia is that the party moving for the disqualification bears the burden of proving the grounds for disqualification. Wheat v. United States, 486 U.S. 153, 154 (1988) (requiring the Government demonstrate an actual conflict of interest or a serious potential for a conflict of interest to disqualify opposing counsel), In re Bellsouth Corp., 334 F.3d 941, 961 (11th Cir. 2003), Duvall v. Bledsoe, 274 Ga. App. 256, 258, 617 S.E.2d 601, 604 (2005). An exception to this rule occurs when co-defendants in criminal cases are jointly represented as this situation is fraught with potential conflicts and often requires the Court to inquire, sua sponte, into conflicts of interest to protect criminal defendants from the potential disloyalty of their own lawyers. United States v. Allen, 831 F.2d 1487, 1494 (9th Cir. 1987). Sometimes, in joint representation cases, the defense attorney or occasionally the Government will notice the Court of the potential for a conflict of interest to jump-start this inquiry. Fed. R. Crim. P. 44(c) ("Inquiry Into Joint Representation"), Selsor v. Kaiser, 81 F.3d 1492,

5

1503 (10th Cir. 1996). However, the Court is not aware of any law allowing the Government to move the Court for <u>sua sponte</u> action in a case where the disqualification is for the benefit of the Government, and the Government has provided none.[5]

Conveniently, courts have been faced with motions to disqualify mistakenly labeled as motions for inquiry before. Generally, the motions are construed as motions to disqualify. <u>See, e.g.</u>, <u>United States v. Hanania</u>, 989 F. Supp. 1187, 1192 (M.D. Fla. 1997), <u>United States v. Collins</u>, 2008 WL 1809339, at *1 (N.D Ohio Apr. 21, 2008) (treating a notice of potential conflict as a motion to disqualify) (unpublished), <u>United States v. Evanson</u>, 98 A.F.T.R.2d (RIA) 2006-7417 (D. Utah Oct. 18, 2006) (construing motion for inquiry as motion to disqualify). Even when the motion for inquiry is not converted, courts have still placed the burden of proving the conflict on the

---

[5] The Court further notes that if the Government is permitted to avoid the burden of proof in this case by filing a motion for inquiry instead of a motion to disqualify it would be difficult to imagine a case where the Government would be required to carry the burden of proof in a disqualification. Here, the Government moved for a disqualification for their benefit (claiming Ms. Wade possesses an unfair advantage) and based on information which they already possess. If the Government's rule is correct, the Government would never be required to file a motion to disqualify opposing counsel. Clearly, such a rule is untenable, and the Court declines to adopt it.

moving party. United States v. Franklin, 177 F. Supp. 2d 459, 464 (E.D. Va. 2001) (placing burden of proof on Government to show a disqualification was warranted under a motion for inquiry, as if the motion was a motion to disqualify), United States v. Titus, 2009 WL 1675081, at *2 (E.D. Va. June 15, 2009) (unpublished). The cases cited by the Government are not to the contrary.[6]

---

[6] Most of the cases cited by the Government are actually irrelevant to this case, having nothing to do with the appropriateness of filing a motion for inquiry as opposed to a motion to disqualify. Some of these cases deal with the Court's obligation to inquire when no party, the Government or the defense counsel, moves for a disqualification. United States v. Cook, 45 F.3d 388, 394 (10th Cir. 1995) (finding a conflict of interest where the district court ordered a defense attorney to attend a meeting for the purpose of convincing a witness, testifying under a plea bargain, to implicate his client), Beets v. Collins, 986 F.2d 1478, 1484 (5th Cir. 1993) (no motion or objection of any sort made by either side to apparent conflicts of interest at trial, and judge was under no obligation to inquire), Allen, 831 F.2d at 1494 (holding that in a case where sixteen defendants accused of conspiracy were all represented by the same counsel, the nature and circumstances of the co-representation created an obligation for the district court judge to inquire into conflicts of interest), Austin v. Erickson, 477 F.2d 620, 623 (8th Cir. 1973) ("Where the conflict of interest appears from the outset, it is clear error for the Court to force the same counsel on both accused." (emphasis added)). Others require the Court not to force joint representation on a defendant when an objection is raised by a party. Cuyler v. Sullivan, 446 U.S. 335, 355 (1980) (Marshall, J., concurring in part, dissenting in part) (finding that the Court "may not require" a joint representation where an objection is made to the joint representation), Holloway v. Arkansas, 435 U.S. 475, 485-86 (1978) (holding that where an attorney engaged in joint representation of criminal defendants objects to the representation, separate counsel

7

Here, the Court has been given a "Motion for Inquiry." (Doc. 78.) However, this Motion is not a paternalistic motion filed for the purpose of alerting the Court to a lawyer engaged in a joint representation that may make that lawyer's interests adverse to one of his client's. Rather, this Motion is filed by and for the benefit of the Government to disqualify opposing counsel on the grounds that opposing counsel has an unfair advantage. This Court will follow the lead of other Courts and construe this Motion as a motion to disqualify opposing counsel, placing the burden of showing a conflict on the Government.[7]

---

should be required for each criminal defendant), Kaiser, 81 F.3d at 1503 (public defender objected to joint representation because one defendant could attempt to implicate the other to escape liability). The final case dealt with a situation where the defense attorney alerted the court as to his own potential conflict of interest not that of opposing counsel. United States v. Gallegos, 108 F.3d 1272, 1281 (10th Cir. 1997) (defense attorney alerted the Court that he had a potential conflict of interest because attorney client privilege precluded him from fully questioning a material witness). Likewise, Comment 15 to Rule 1.7 of the Georgia Rules of Professional Conduct does not support the filing of a motion for inquiry as opposed to a motion to disqualify when a party seeks to disqualify opposing counsel. The Comment simply states that opposing counsel can raise the issue of a conflict of interest to the Court by "objecting" to the representation; it says nothing about a party being able avoid the burden of proving the conflict when it moves to disqualify the opposing party. Ga. R. Prof'l Conduct 1.7 cmt. 15.

[7] The Court further notes that even were it to consider this question sua sponte, without burdening the Government, Ms. Wade would not be disqualified. As the Court noted in its prior Order, the evidence presented by the Government

II. Analysis of the Motion to Disqualify

As the Court noted in its previous Order, based on the evidence in this case, the Government has not shown that Ms. Wade either actually possesses, or that there is a serious likelihood that Ms. Wade possesses confidential information gained during her employ at the United States Attorney's Office. (Doc. 109.) The Government has not proffered any additional evidence, and so the Court adopts the reasoning and conclusions in its prior Order. (Id.) The Court finds that a contrary ruling would not only be unsupported by the evidence, but would result in a perversion of the Georgia Rules of Professional Conduct,

---

showed only that AUSAs and federal case agents have a general practice of divulging confidential information to numerous AUSAs who were in no way responsible for the relevant cases. (Doc. 109 at 13 n.6.) Were the Court to accept this as a sufficient factual basis to, sua sponte, disqualify an attorney for the possession of currently confidential information gained while in Government employ, the Court would be inexorably accepting the premise that every former AUSA possesses confidential information on every case that any attorney had in the United States Attorney's Office during the former AUSA's tenure there. This would create the perverse result where the Court would, sua sponte, have to disqualify former AUSAs from every criminal case before this Court at the time the AUSA leaves the United States Attorney's Office, significantly delaying the next step in that attorney's career because the attorney was previously employed by the Government. The Comments to the Rule expressly forbid such a construction. Ga. Rules of Prof'l Conduct 1.11 cmt. 3 (The Rule "should not be so restrictive as to inhibit transfer of employment to and from the government.") Accordingly, even were the Court to consider this issue sua sponte, Ms. Wade would not be disqualified.

allowing the Government to significantly delay the next step in the career of former criminal AUSAs by disqualifying them from criminal cases, at will, for a considerable period after they leave the employ of the Government. See Ga. Rules of Prof'l Conduct 1.11 cmt. 3 (The Rule "should not be so restrictive as to inhibit transfer of employment to and from the government.") Therefore, the Order of the Magistrate Judge disqualifying Ms. Wade must be **REJECTED**.

## CONCLUSION

For the above stated reasons, the Order of the Magistrate Judge disqualifying Ms. Wade is **REJECTED**. Ms. Wade is **REINSTATED** as Counsel for Defendant Alfredo F. Rasco.

SO ORDERED this 29th day of July, 2009.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA