# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ALFREDO FELIPE RASCO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV414-171 |
| | ) | CR408-100 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Alfedo Felipe Rasco pled guilty to Medicare and identity-theft charges and was sentenced to 133 months. Doc. 317 (plea agreement)[1]; doc. 322 (judgment); doc. 336 (guilty-plea hearing). As part of his plea agreement, he waived his direct and collateral appeal rights except as to sentencing matters.[2] Doc. 317 at 4 (plea agreement waiver); *United*

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] The agreement states that,

> The defendant retains his right to directly appeal the sentence imposed against him in this case, including the district court's determination of facts at

1

*States v. Rasco*, 545 F. App'x 895 (11th Cir. 2013), *cert. denied*, 134 S.Ct. 2152 (2014) (his unsuccessful appeal on sentencing grounds). Despite that waiver, he now moves for 28 U.S.C. § 2255 relief. Doc. 368. Upon preliminary review under Rule 4(b) of the Rules Governing Proceedings under 28 U.S.C. § 2255, his motion should be denied.

Rasco, who acknowledged his waiver of his appellate and collateral review rights in his § 2255 filings, doc. 368 at 46, independently relinquished all of his pre-plea claims merely by pleading guilty. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Pierre*, 120 F.3d 1153, 1155 (11th Cir. 1997). In addition, except for one exception noted below, his double waiver bars all post-plea, non-sentence based claims. *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009);

---

sentencing, its calculation of the advisory Sentencing Guideline range, and the procedural and substantive reasonableness of the ultimate sentence imposed. However, to the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal his conviction, including but not limited to any pre-guilty plea rulings by the district court. The defendant also, to the maximum extent permitted by federal law, voluntarily and expressly waives the right to collaterally attack the conviction or sentence in any post-conviction proceeding, including a § 2255 proceeding, on *any ground*.

Doc. 317 at 4 (emphasis added); *see also id.* at 11-12 (same). This provision was explained to him during his guilty-plea hearing. Doc. 336 at 24-25.

*United States v. Orozc-Picazo*, 391 F. App'x 761, 771 (11th Cir. 2010) (defendant's appeal waiver in pleading guilty to drug and gun conspiracy charges precluded appellate review of his claim that district court erred in imposing consecutive sentences; district court questioned defendant concerning appeal waiver during plea colloquy, and it did not impose sentence that was higher than that called for by advisory guidelines).

His double waiver thus precludes any ineffective assistance of counsel ("IAC") claims except those that go to the validity of his guilty-plea agreement. *See Patel v. United States*, 252 F. App'x 970, 974-75 (11th Cir. 2007) (IAC claim figuring into validity of defendant's guilty plea is not barred by double waiver) (citing *Williams v. United States*, 396 F.3d 1340, 1342 n. 2 (11th Cir. 2005) ("there may be a distinction between a § 2255 claim of ineffective assistance in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement."); *United States v. Smith*, ___ F.3d ___, 2014 WL 3519076 at * 6 (7th Cir. July 17, 2014) ("Smith knowingly and voluntarily waived his appellate rights, including his right on appeal to contend that his counsel below was ineffective as to

any matter *other than* the waiver and his negotiation of it.") (emphasis added); *Johnson v. United States*, 2013 WL 6799204 at * 4 (M.D. Fla. Dec. 23, 2013); *Fulmer v. United States*, 2014 WL 1698880 at * 2 (S.D. Ga. Apr. 29, 2014); *McClendon v. United States*, ___ F. Supp. 2d ___, 2014 WL 358980 at * 3 (S.D. Ga. Mar. 10, 2014).[3] That IAC claim must go *directly* to the validity of the guilty plea and waivers (e.g., that counsel misled or coerced his client into pleading guilty/waiving his rights, or in some way materially bungled the plea offer to the extent that a client would not knowingly and intelligently accept it). And if the record reveals that the movant did *not* receive ineffective assistance of counsel at that phase, then there is no need for a hearing; the Court thus can rule on that claim on the merits. *Patel*, 252 F. App'x at 975; *Johnson*, 2013 WL 6799204 at * 5-8.

Rasco's 76-page § 2255 filing contains many complaints about counsel's performance, but his double waiver bars all but his

---

[3] "'In order to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial.' *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006)." *Smith v. United States*, 2013 WL 6632637 at *1 (N.D. Ill. Dec. 16, 2013).

involuntary-guilty-plea claim. Boiled down, he insists that counsel "coerced" him to accept the above-cited plea agreement, and "when I signed the agreement Ms. [Julie] Wade [his retained counsel, later replaced by appointed counsel] told me that I had to agree to all the questions the judge was going to ask me [during the subsequent Fed. R. Crim. P. 11, guilty-plea hearing], or he would not accept the plea agreement and would force us [Rasco was prosecuted with his wife] to go to trial and my wife would suffer the consequences." Doc. 368 at 41. Rasco says he then watched Wade cross through the word "no" that he wrote "to the [agreement's provision showing that he would be subjected to a minimum mandatory sentence]. She actually changed the word after I had signed it. *This is illegal.*" *Id.* (emphasis original); *see also id.* at 46 (claiming that counsel "coerced me into accepting and signing a plea agreement that contains a limited appeal waiver. The fact is, [counsel] negotiated a plea agreement that would protect herself from a claim of ineffective assistance of counsel.").

Rasco, however, also admits that he had an opportunity to protest the change to Wade and to move to withdraw his guilty plea on the

ground that she deceived him. Doc. 368 at 41-42. Having obviously elected not to do so (this is also reflected in his guilty-plea transcript excerpted below), he cannot complain -- in buyer's-remorse fashion -- now.

Rasco also says that Wade refused to withdraw from representing him when she "altered" his plea agreement in front of him. *Id.* at 42. But at his subsequent guilty-plea hearing -- which the Court accorded to him just after he put it to the expense of assembling a jury and commencing his trial, and during which he swore to tell the truth,[4] doc. 336 at 3, 5 -- the judge asked him:

> Q. Are you satisfied with your lawyer and the way that she has represented you in this case?
>
> A. Yes.

Doc. 336 at 11.

That was Rasco's moment to complain about Wade and any problem he had with the plea agreement. He did not. The judge then reviewed

---

[4] The Court then also reminded him that "if you ever seek to undo or set aside what occurs here today you're going to be confronted by the answers you give me, so make sure you understand the words and the questions." Doc. 336 at 4.

the indictment and the specific Counts (1 & 56) to which Rasco agreed to plead, *id.* at 11-18; *see also id.* at 24, plus the penalty range he faced, *id.* at 18-19 (up to ten years on Count 1), the fact that he could not rely upon his lawyer's estimate of his sentence, *id.* at 19-20, and that he was giving up his direct and collateral appeal rights except as to the sentence. *Id.* at 20-21. Rasco raised *no* objection and repeatedly said that he understood what was being told to him. *Id.* at 16-23. The judge even paused to emphasize:

> Q. Even though your sentence may be more severe than you or your lawyer have anticipated, you are still bound by your plea of guilty and you may not withdraw it. Do you understand that?
>
> A. Yes, I do.

*Id.* at 22. The Court also asked him directly:

> Q. Mr. Rasco, has anyone done anything that you consider to be wrong or unfair which has forced you to plead guilty?
>
> A. *No*, Your Honor.

*Id.* at 22-23 (emphasis added).

All of that negates Rasco's claim that counsel "coerced" him and "altered" the plea agreement that he signed. Note, for that matter, that

7

he has not signed his § 2255 motion under penalty of perjury. He is reminded that § 2255 movants who lie to this Court may be prosecuted.[5]

All of Rasco's other claims are barred by his double waiver, if not also by procedural default, for which he has pled no cause and prejudice or miscarriage of justice exceptions. *See Stevens v. United States*, 466 F. App'x 789, 792 (11th Cir. 2012).

Accordingly, Alfedo Felipe Rasco § 2255 motion must be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good

---

[5] Lying under oath, either live or "on paper," is illegal. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); id., doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009 (unpublished); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 3rd day of September, 2014.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**